IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RALPH ANTHONY STEVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-175 |
| | ) | (Formerly CR 107-030) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at FCI Williamsburg in Salters, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.      **BACKGROUND**

A.      **Indictment and Agreement to Plead Guilty**

On April 11, 2007, the grand jury in the Southern District of Georgia charged Petitioner under the Armed Career Criminal Act ("ACCA") with one count of possession with intent to distribute cocaine hydrochloride, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 21 U.S.C. § 2 ("Count One"), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"), and one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(e) ("Count Three").  United States v. Stevens, CR 107-030, doc. no. 1

(S.D. Ga. Apr. 11, 2007) (hereinafter "CR 107-030").  Petitioner retained attorney Richard E.

Allen to represent him.  Id., doc. no. 4.

On October 1, 2007, Petitioner appeared with counsel before United States District

Judge Dudley H. Bowen, Jr., and pled guilty to Counts One and Three of the indictment.  Id.,

doc. nos. 28-30.  In exchange for the guilty plea, the government agreed to (1) dismiss Count

Two of the indictment; (2) not oppose a two-point acceptance of responsibility reduction and

move for an additional one-point reduction under U.S.S.G. § 3E1.1(b); (3) not file an

enhancement under 21 U.S.C. § 851; and (4) consider filing a motion, based on any

"substantial assistance" provided by Petitioner, for downward departure under U.S.S.G.

§ 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35.  Id., doc. no. 29,

pp. 3-4.

For his part, Petitioner admitted the factual basis for his guilty plea, including the

following:

> [As to Count One], on or about February 18, 2007, . . . [Petitioner] . . . did
> knowingly and intentionally possess with intent to distribute a quantity of
> cocaine hydrochloride, a Schedule II controlled substance, in violation of Title
> 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United
> States Code, Section 2 . . . . [As to Count Three], on or about February 18,
> 2007, . . . [Petitioner], having been previously convicted of the following
> crimes punishable by imprisonment for a term exceeding one year, that is,
>
> (i)    *Possession With Intent to Distribute Cocaine,* offense date May 13,
>        2001, convicted April 18, 2002, in the Court of General Sessions,
>        Aiken County, South Carolina, Case No. 2002-GS-707;
>
> (ii)   *Presenting a Firearm,* offense date August 23, 2001, convicted April
>        18, 2002, in the Court of General Sessions, Aiken County, South
>        Carolina, Case No. 2002-GS-708; and
>
> (iii)  *Robbery,* offense date February 2, 2002, convicted April 18, 2002, in

   the Court of General Sessions, Aiken County, South Carolina, Case No.
   2002-GS-710;

  did unlawfully and knowingly possess in and affecting commerce a firearm
  and ammunition . . . which previously had been transported in interstate or
  foreign commerce, in violation of Title 18, United States Code, Sections
  922(g)( 1), and 924(e) . . . .

Id. at 7-8.  The three felonies listed in the plea agreement are the same crimes listed in Count

Three of the indictment.  Id., doc. no. 1, p. 1; doc. no. 29, p. 7.  As part of the plea

agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to

collaterally attack his conviction and sentence unless the sentencing court upwardly departed

from the advisory Guideline range.  Id., doc. no. 27, pp. 4-5.

  **B.**  **Sentencing**

  Upon entry of the guilty plea, the United States Probation Office prepared a

Presentence Investigation Report ("PSI").  As explained in the PSI, Petitioner qualified for

an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),

because of four prior convictions:  (1) a 2001 conviction for aggravated battery; (2) a 2002

conviction for possession with intent to distribute cocaine; (3) a 2002 conviction for pointing

and presenting a firearm; and (4) a 2002 conviction for robbery.  PSI ¶¶ 40-42, 44, 49.  The

PSI determined Petitioner was an armed career criminal within the meaning of U.S.S.G. §

4B1.4, and set his mandatory minimum term of imprisonment at 180 months (fifteen years).

PSI ¶¶ 35, 49, 62; 18 U.S.C. § 924(e).  Based on Petitioner's total offense level of thirty-five,

and a criminal history category of VI, Petitioner's Guideline imprisonment range was set

between 188 and 235 months.  PSI ¶ 63.  Petitioner did not file any objections to the PSI.

See PSI Add.

On June 20, 2013, Judge Bowen imposed a sentence of imprisonment of 300 months. CR 107-030, doc. nos. 34, 35.  Judgment was entered on February 11, 2008.  Id., doc. no. 34. On January 30, 2009, the Government file a motion for downward departure pursuant to Fed. R. Crim. P. 35(b) based on Petitioner's substantial assistance.  Id., doc. no. 37.  After a hearing, Judge Bowen granted the Government's motion on March 16, 2009, and resentenced Petitioner to 204 months imprisonment.  Id., doc. nos. 39, 40.  Petitioner did not file an appeal.

### C.     Post-Conviction Proceedings

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner signed the instant § 2255 motion October 28, 2015, and the Clerk of Court filed it on October 29, 2015.  (Doc. no. 1, pp. 1, 5.)  Petitioner raises one ground for relief, asserting that after Johnson, his convictions for aggravated battery, robbery, and presenting a firearm "do not qualify as predicate violent felony offenses under the ACCA's residual clause."  (Doc. no. 1, p. 2; see also doc. no. 6, pp. 2-8; doc. no. 7, pp. 4-9).  In his second reply to the government's response, Petitioner also challenges his prior possession with

intent to distribute cocaine hydrochloride conviction as a valid ACCA predicate.  (<u>See</u> doc. no. 7, pp. 2-4.)

Respondent argues that even after <u>Johnson</u>, Petitioner's sentence is valid because his aggravated battery, robbery, and pointing and presenting a firearm convictions qualify as predicate convictions under the elements portion of the ACCA's violent felony definition. (<u>See</u> doc. no. 3, pp. 8-11.)  Moreover, Petitioner's conviction for possession with intent to distribute cocaine hydrochloride also qualifies, post-<u>Johnson</u>, under the serious drug offense provision of the ACCA.  (<u>Id.</u> at 7-8.)  The government contends these offenses satisfy the requirement of at least three predicate offenses to impose the ACCA sentencing enhancement, <u>see</u> 18 U.S.C. § 924(e)(1), such that Petitioner's § 2255 motion should be denied.  (<u>Id.</u> at 11-12.)

## II.    DISCUSSION

### A.    Petitioner Is Not Entitled to an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  <u>Winthrop-Redin v. United States</u>, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)).  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record."  <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).  Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); <u>see also</u> <u>Lynn v.</u>

United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).  Because Petitioner's claims lack

merit as a matter of law, or are otherwise affirmatively contradicted by the record, no

evidentiary hearing is necessary.

**B.     Petitioner Is Not Entitled to Resentencing Because He Has Four Predicate ACCA Convictions to Qualify as an Armed Career Criminal.**

**1.     Petitioner's Prior Sale of Cocaine Conviction Qualifies as a Serious Drug Offense Predicate Under the ACCA.**

Petitioner appears to contend his prior possession with intent to distribute cocaine

hydrochloride conviction is no longer a valid "serious drug offense" predicate in light of the

Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), and the Fifth

Circuit's decision in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016).  However,

contrary to his contention, Petitioner's conviction still qualifies as a serious drug offense

predicate under the ACCA.  The ACCA defines a "serious drug offense" as

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C § 924(e)(2)(A)(ii).

The applicable South Carolina statute for cocaine distribution provides a maximum

sentence of fifteen years.  See S.C. Code Ann. § 44-53-370(b)(1) (version in effect in 2001)

(providing for maximum sentence of fifteen years for distribution of schedule II narcotic); (doc.

no. 3, Ex. A). Therefore, that offense qualifies as a serious drug offense predicate under the

ACCA.  See United States v. Vinson, 340 F. App'x 882, 883 (4th Cir. 2009) (South Carolina

felony drug convictions qualified as serious drug offenses); see also In re Rogers, 825 F.3d 1335,

1339 (11th Cir. 2016) ("[W]here binding precedent clearly classifies an offense that the

applicant's sentencing court found to be an ACCA predicate as . . . a serious drug offense . . . the challenge[] an applicant is asserting do[es] not 'contain' the rule announced in *Johnson*, so he does not make out a prima facie case.").

> ### 2. Petitioner's Prior Aggravated Battery, Robbery, and Pointing and Presenting a Firearm Convictions Qualify as Predicates Under the "Elements Clause" of the ACCA.

The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the now invalid residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016).

The now-invalidated residual clause of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  However, Johnson "did not call into question the application of the elements clause and the enumerated clause of the ACCA's definition of a violent felony," all of which may still be used to impose ACCA enhancements.  In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016); see also Johnson, 135 S. Ct. at 2563.  Thus, after Johnson invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling under the elements clause of the ACCA.  See 18 U.S.C. § 924(e)(2)(B)(i) (defining violent felony as offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

Petitioner appears to contend his prior aggravated battery, robbery, and pointing and presenting a firearm convictions are no longer valid predicate offenses post-Johnson.[1] However, contrary to his contention, Petitioner's convictions still qualify as predicates under the elements clause of the ACCA' violent felony definition because they all have "as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

### a.  Aggravated Battery.

Petitioner committed his aggravated battery offense in Georgia in 2000.  PSI ¶ 40.  At that time, Georgia law defined aggravated battery as follows:

> A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.

O.C.G.A. § 16-5-24(a) (version in effect in 2000); see also Pollard v. State, 495 S.E.2d 629, 630 (Ga. App. 1998) ("The pertinent essential elements of the offense of aggravated battery are: (1) maliciously causing bodily harm to another, (2) by seriously disfiguring another's body.").

As Respondent succinctly notes, "[F]or [Petitioner] to be guilty of the offense [of aggravated battery] as charged, he had to forcibly injure another person to the point of disfigurement." (Doc. no. 3, p. 9.)  Indeed, according to the charging document in the case and the facts in the undisputed PSI, Petitioner's aggravated battery conviction occurred after he struck his victim in the jaw, causing injuries to the victim's teeth and upper left jaw bone.

---

[1]In is unclear whether Petitioner concedes his aggravated battery conviction is a valid ACCA predicate or challenges it.  Compare (doc no. 1, pp. 2, 4; doc. no. 6, p. 2) with (doc. no. 7, p. 4).

(Doc. no. 3, Ex. B); PSI ¶ 26. Moreover, courts have interpreted Georgia battery, and in particular aggravated battery, to require the use of force. See United States v. Basulto-Reina, 421 F. App'x 349, 353 (5th Cir. 2011) ("We . . . conclude that aggravated battery in Georgia involves the use of force."); see also Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008) (conviction for Georgia simple battery constitutes "crime of violence" requiring use of force); United States v. Griffith, 455 F.3d 1339, 1342 (11th Cir. 2006) (same).

Therefore, Petitioner's aggravated battery conviction remains a valid predicate offense under the ACCA's elements clause because it has as an element the actual use of physical force against another person.

### b.    Robbery.

Petitioner committed his robbery offense in South Carolina in 2002. PSI ¶ 44. At that time, South Carolina common law defined robbery as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." State v. Rosemond, 589 S.E.2d 757, 758 (S.C. 2003); see also S.C. Code Ann. § 16-11-325 (version in effect in 2002) ("The common law offense of robbery is a felony."). "The gravamen of a robbery charge is a taking from the person or immediate presence of another by violence or intimidation." Rosemond, 589 S.E.2d at 758-59 (emphasis added).

Petitioner argues that under this definition, robbery by intimidation "may be committed with non-purposeful, non-violent and unaggressive fashion [sic]" and "without the actual or threatened use of force . . . ." (Doc. no. 6, p. 7; doc. no. 7, p. 5.) However, addressing this very argument, the Fourth Circuit held, "A review of South Carolina law

reveals . . . that intimidation necessarily involves threatened use of physical force." United States v. Doctor, 842 F.3d 306, 309 (4th Cir. 2016). Comparing the Supreme Court's definition of "physical force" under the ACCA with the South Carolina Supreme Court's definition of robbery by intimidation, the Court concluded,

> There is no meaningful difference between a victim feeling a threat of bodily harm and feeling a threat of physical pain or injury. It follows that to constitute intimidation in South Carolina, a robbery victim must feel a threat of physical force based on the defendant's acts. In other words, a defendant intimidates a victim by threatening physical force.

Id. (internal citation omitted). Consequently, South Carolina common law robbery "whether committed by means of violence or intimidation, . . . necessarily include[s] as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 312 (internal quotations omitted).

Importantly, the Fourth Circuit notes the South Carolina Supreme Court modeled its definition of intimidation in robbery cases after the federal armed bank robbery statute found in 18 U.S.C. § 2113(a). Id. at 309-10. Although the Eleventh Circuit has not addressed whether South Carolina robbery falls under the elements clause of the ACCA, it has held armed bank robbery by intimidation under 18 U.S.C. § 2113(a) has as a necessary element the use, attempted use, or threatened use of physical force. See In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016); United States v. Horsting, –F. App'x–, No. 16-13156, 2017 WL 462100, at *2 (11th Cir. Feb. 3, 2017).

Thus, for Petitioner to be guilty of the offense of robbery as charged, he had to, at a minimum, threaten the use of physical force. See Doctor, 842 F.3d at 309. Indeed, according to the charging document in the case and the facts in the undisputed PSI, Petitioner's robbery conviction occurred after he took $170 in cash from a cashier at a

convenience store at gunpoint.  (Doc. no. 3, Ex. C); PSI ¶ 44.  Therefore, Petitioner's robbery conviction remains a valid predicate offense under the ACCA's elements clause.

### c.    Pointing and Presenting a Firearm.

Petitioner committed his pointing and presenting a firearm offense in South Carolina in 2001.  PSI ¶ 42.  At that time, South Carolina law defined pointing and presenting a firearm as "(1) pointing or presenting; (2) a loaded or unloaded firearm; (3) at another." State v. Burton, 589 S.E.2d 6, 8 (S.C. 2003); see also S.C. Code Ann. § 16-23-410 (version in effect in 2001) ("It is unlawful for a person to present or point at another person a loaded or unloaded firearm.")  Section 16-23-410 prohibits "not only the overt action of pointing or directing a firearm at someone, but also the more passive action of showing or displaying a firearm in a threatening or menacing manner."   In re Spencer, 692 S.E.2d 569, 572, (S.C. App. 2010).

According to the charging document in the case and the facts in the undisputed PSI, Petitioner violated § 16-23-140 by pointing a pistol at a South Carolina State Trooper during his arrest.  (Doc. no. 3, Ex. D); PSI ¶ 42.  As the Fourth Circuit has held, point a firearm at someone in violation of this code section is "an offense that has as an element the . . . threatened use of physical force against the person of another," and remains a valid predicate offense under the ACCA's elements clause.   King, 673 F.3d at 280 (internal quotations omitted); see also 18 U.S.C. § 924(e)(2)(B)(i).

Petitioner's ACCA predicate count exceeds by one the three necessary to impose the ACCA sentencing enhancement. Therefore, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.

III.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 30th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA